**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4610**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL J. FISHER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:20-cr-00306-SAG-1)

Submitted:  September 7, 2023                    Decided:  February 21, 2024

Before RUSHING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant.    Anatoly Smolkin, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael J. Fisher appeals his convictions and the 204-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, 5 kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (C), 846, and distribution of and possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a), (b)(1)(A). Fisher's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court abused its discretion by denying Fisher's motion to withdraw his guilty plea. In his pro se briefs,[1] Fisher argues that his guilty plea was not knowing and voluntary; that the district court lacked jurisdiction; that the court abused its discretion by denying his motion to withdraw his guilty plea; that the court erred in determining the applicable drug weight when calculating his advisory Sentencing Guidelines range; that *Anders* counsel has rendered ineffective assistance; that the district court plainly erred by applying a two-level enhancement for possession of a firearm, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018); and that sentencing counsel rendered ineffective assistance by failing to object to that enhancement.[2] The Government has declined to respond to the *Anders* brief or move to enforce the appeal waiver contained in the plea agreement.

---

[1] We grant Fisher's motion to file a supplemental pro se brief. We deny his motion for other relief.

[2] To the extent Fisher argues that the district court erred by failing to grant him access to the discovery materials in his case, that argument is plainly meritless.

2

Turning first to Fisher's challenge to his guilty plea, a guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

Our review of the record leads us to conclude that Fisher's plea was knowing, voluntary, and supported by a sufficient factual basis. The district court substantially complied with the requirements of Rule 11, and there is no indication that the few minor omissions from its colloquy affected Fisher's substantial rights. We further conclude that, in light of his sworn statements during the Rule 11 hearing, Fisher's inability to review each of the thousands of pages of discovery materials available in his case prior to entering

3

his plea did not render his plea invalid.  Finally, Fisher's argument that the district court

lacked subject matter jurisdiction over his case is plainly meritless.  *See* 18 U.S.C. § 3231.

As to Fisher's motion to withdraw his plea, we review the denial of such a motion

for abuse of discretion.  *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).  A

defendant may withdraw a plea after a court has accepted it if he "can show a fair and just

reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).

A district court considers a variety of factors when deciding whether the defendant

has met his burden, including:  (1) whether he provided credible evidence that his plea was

not knowing or voluntary; (2) whether he credibly asserted his legal innocence; (3) whether

there was a delay between entering the plea and moving for withdrawal; (4) whether he

had close assistance of competent counsel; (5) whether the withdrawal of the plea would

prejudice the Government; and (6) whether the withdrawal would inconvenience the court

and waste judicial resources.  *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

The first, second, and fourth factors are generally the most significant, *United States v.*

*Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995), and "a properly conducted Rule 11 guilty plea

colloquy . . . raises a strong presumption that the plea is final and binding," *Nicholson*, 676

F.3d at 384 (cleaned up).  Upon review, we conclude that the district court did not abuse

its discretion by denying Fisher's motion to withdraw his guilty plea.

Moving to Fisher's sentence, we review criminal sentences for both procedural and

substantive reasonableness "under a deferential abuse-of-discretion standard."  *United*

*States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  In

reviewing whether a sentence is reasonable, we must first confirm the district court did not

commit "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "When evaluating a sentencing court's calculation of the advisory Guidelines range, this [c]ourt reviews the district court's factual findings, and its judgment regarding factual disputes, for clear error." *United States v. Medley*, 34 F.4th 326, 337 (4th Cir. 2022) (internal quotation marks omitted).

In his pro se brief, Fisher argues that the district court clearly erred in calculating the drug weight for which Fisher was accountable. This argument is meritless. The district court sustained Fisher's objection at sentencing to the inclusion of certain controlled substances in the drug weight calculation as not reasonably attributable to him. The district court did not clearly err by holding Fisher accountable for the remaining substances enumerated in the stipulation of facts included in the plea agreement, particularly when Fisher confirmed during the Rule 11 hearing that those amounts were correct.

Fisher further argues that the district court plainly erred by applying a two-level enhancement for possessing a firearm. Based on the facts contained in the presentence report—which states that law enforcement seized controlled substances, drug distribution paraphernalia, and multiple firearms from three addresses to which Fisher had primary access—we discern no plain error in the district court's application of the enhancement.

5

Fisher also contends that the district court erred by failing to apply a reduction to his offense level for acceptance of responsibility. We discern no clear error in the district court's conclusion that Fisher was not entitled to such a reduction. *See United States v. Harris*, 890 F.3d 480, 487-88 (4th Cir. 2018) (noting standard of review); USSG § 3E1.1 cmt. n.3 ("A defendant who enters a guilty plea is not entitled to an [acceptance of responsibility reduction] as a matter of right."); *id.* § 3E1.1 cmt. n.5 (noting that sentencing judge's evaluation of acceptance of responsibility "is entitled to great deference on review").

Finally, Fisher contends that sentencing counsel rendered ineffective assistance by failing to object to the firearm enhancement and that *Anders* counsel has rendered ineffective assistance on appeal. We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the . . . record itself that the defendant was not provided . . . effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). The current record does not permit such a finding.[3]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review. If Fisher requests that a petition be

---

[3] Fisher should bring these claims, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

6

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fisher.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*